# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV412-FDW-DSC

| | |
|---|---|
| **LINDA RHYNE,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **OF REMAND** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #16) and "Memorandum in Support ..." (document #16-1), both filed May 21, 2010; and Defendant's "Motion For Summary Judgment" (document #19) and "Memorandum in Support of the Commissioner's Decision" (document #20), both filed August 18, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

# I. **PROCEDURAL HISTORY**

On September 14, 2005, Plaintiff filed an application for a period of disability, Social Security Disability Benefits ("DIB"), and Supplemental Security Income ("SSI") alleging she was unable to work as of May 2, 2005. Plaintiff's claim was denied initially and on reconsideration. Plaintiff requested a hearing.

On September 13, 2007, prior to the hearing being scheduled and during Defendant's informal remand ("IR") process, Defendant issued a notice of revised decision indicating that Plaintiff had met all medical requirements for her disability claim. Accordingly, on October 26, 2007, the assigned Administrative Law Judge ("ALJ") dismissed Plaintiff's request for hearing.

Upon consideration of non-medical issues related to Plaintiff's claim, however, Defendant was unable to make a fully favorable decision due to a "work issue." Defendant concluded that there was evidence that Plaintiff may have engaged in substantial gainful activity, that is, evidence Plaintiff might have returned to work. The case was returned to the ALJ for further evaluation of that work issue.

The ALJ conducted a hearing on July 10, 2008. On November 24, 2008, the ALJ issued a decision denying Plaintiff's claim. However, rather than finding Plaintiff not disabled based on the subject "work issue," the ALJ found that in fact Plaintiff had not engaged in substantial gainful activity since her alleged onset date. The ALJ went on to find that contrary to the earlier conclusion reached during the IR process (that Plaintiff met all medical requirements to be eligible for benefits), Plaintiff suffered from fibromyalgia, sleep apnea, hypertension, mild cervical disc disease, a depressive disorder, and an anxiety disorder which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1; and that

Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform the requirements of unskilled light work - to lift and carry 20 pounds occasionally and 10 pounds frequently, to sit, stand, and walk for 6 hours each in an 8-hour work day - provided that the work was performed in a low-stress, non-production setting. Based on this RFC, the ALJ found that Plaintiff was able to perform her past relevant work as a concierge, sales clerk, cashier, file clerk, and daycare worker (Tr. 24). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from her alleged onset date through the date of his decision (Tr. 24-25).

Plaintiff filed a timely Request for Review of Hearing Decision. On July 31, 2009, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on September 22, 2009. On appeal, Plaintiff contends among other things that the ALJ made a significant factual error that "inaccurately ... doubles [Plaintiff's] daily activities ... [causing the ALJ to] render[] an inaccurately high level of [Plaintiff's] Residual Functional Capacity." Plaintiff's "Memorandum in Support ..." at 5 (document #16-1). The parties' cross-Motions for summary judgment are ripe for disposition.

## II. FACTUAL BACKGROUND

Relevant to the dispositive issue raised on appeal, the ALJ incorrectly stated that Plaintiff was working three-and-one-half hours a day at a preschool <u>and</u> attending school for an additional three-and-one-half hours each day. As Defendant concedes in his brief, there is no evidence in the

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

record that Plaintiff ever attended school during the period in question. Defendant's "Memorandum in Support of the Commissioner's Decision" at 5 (document #20)  Rather, the ALJ counted Plaintiff's work hours at the preschool twice.  Moreover, it is clear that for the period of time that she worked at the preschool, Plaintiff did not always work every day but was allowed to limit her work days and hours as needed.

The parties' briefs contain two other areas of agreement that narrow the scope of this appeal. First, the parties agree that if Plaintiff had been otherwise entitled to benefits, her work at the preschool would not have amounted to "substantial gainful activity" making her ineligible for benefits.  Instead, her work at the preschool would have been considered a permissible trial work period, a conclusion the ALJ apparently reached when he found that Plaintiff had not engaged in substantial gainful activity.  See Plaintiff's "Memorandum in Support ..." at 8-11 (document #16-1); Defendant's "Memorandum in Support of the Commissioner's Decision" at 7-8 (document #20). Defendant does not argue that Plaintiff's work at the preschool amounted to substantial gainful activity.  Rather, the sole basis of Defendant's argument that Plaintiff was not entitled to a trial work period was the ALJ's finding that Plaintiff was able to return to her past relevant work and therefore was not otherwise eligible for benefits.

Second, Plaintiff alleges in her brief that if the ALJ had found that she was <u>not</u> able to perform her past relevant work, the Medical-Vocational Grid would have mandated a finding of disability.  See  Plaintiff's "Memorandum in Support ..." at 10-11 (document #16-1) (referring to Part 202.00(c) of the Grid which requires a finding of disability if claimant has reached "advanced age" (55-59 years-old),[2] cannot perform past relevant work, and is limited to unskilled light work).

---

[2]Plaintiff was 56 years-old during the relevant period.

Despite having the last word on the subject, Defendant failed to address this issue in his brief.

The remaining question is, notwithstanding the ALJ's error regarding the amount of time Plaintiff spent working, whether there was other evidence in the record sufficient to support his conclusion that Plaintiff retained the RFC to perform the exertional requirements of her past relevant work. In his brief, Defendant points to Plaintiff's other activities of daily living – her ability to drive, attend church, shop for groceries, maintain personal hygiene, and perform household chores. Defendant's "Memorandum in Support of the Commissioner's Decision" at 5 (document #20). Additionally, Defendant relies on the report of an Agency physician who did not examine Plaintiff, but reviewed her medical records and stated that Plaintiff "has a long history of fibromyalgia and chronic fatigue which significantly limits her overall ability to handle her daily activities and function. The evidence supports at least light restrictions." (Tr. 141.)

### III. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[3] Defendant contends that the ALJ's significant factual error in doubling the amount of time that Plaintiff was spending in a work-like environment constitutes harmless error. Defendant invites the Court to conclude that the remainder of the record

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

would be sufficient to support both the ALJ's determination that Plaintiff could perform her past relevant work as well as his ultimate conclusion that Plaintiff was not disabled. As discussed above, however, it is not the place of a reviewing court to reconsider the evidence. See Hays, 907 F.2d at 1456. Now that a significant portion of the ALJ's stated rationale for formulating Plaintiff's RFC has proven to be erroneous, it is not for the Court to speculate about what the ALJ would have concluded had he accurately evaluated the record. Nor is it appropriate for the Court to further speculate whether the ALJ would have found the remaining record a sufficient basis for denying Plaintiff's claim.

In sum, the ALJ's conclusion that Plaintiff was working or going to school seven hours per day is not supported by substantial evidence. As result, the ALJ's decision that Plaintiff had an RFC and could perform work consistent with the ability to work or attend school seven hours a day is not supported by substantial evidence. At the next hearing, among any other issues that require further development, the ALJ should more fully address Plaintiff's RFC and her ability to perform her past relevant work.

## V. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #16) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #19) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED.**

Signed: August 20, 2010

_____
David S. Cayer
United States Magistrate Judge