# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09-cv-412-FDW-DSC

| | |
|---|---|
| LINDA A. RHYNE, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) ORDER |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>) |

THIS MATTER is before the Court on Defendant's Objection (Doc. No. 22) to the Memorandum and Recommendation (Doc. No. 21) issued by the Honorable David S. Cayer, United States Magistrate Judge ("Magistrate Judge") recommending that Defendant's Motion for Summary Judgment (Doc. No. 19) be denied and that Plaintiff's cross-Motion for Summary Judgment (Doc. No. 16) be granted. Plaintiff timely responded to Defendant's objection (Doc. No. 23). To date, Defendant has not replied. For the reasons set forth, the Court OVERRULES Defendant's objection, ADOPTS the Memorandum and Recommendation ("M&R"), and DENIES Defendant's Motion for Summary Judgment and GRANTS Plaintiff's cross-Motion for Summary Judgment.

## I. BACKGROUND

On September 14, 2005, Plaintiff applied for a period of disability, Social Security Disability Benefits ("DIB"), and Supplemental Security Income ("SSI") alleging she was unable to work as of May 2, 2005. (Tr. 18). Plaintiff's claim was denied initially and on reconsideration, whereupon Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 34-35, 42-46, 48-50). Before a hearing before the ALJ could be scheduled and pursuant to Defendant's informal remand procedure, Defendant issued a notice of revised decision indicating that Plaintiff met the

medical requirements for her disability claim. However, upon consideration of Plaintiff's claim, Defendant concluded that there was evidence indicating that Plaintiff had returned to work and thus was ineligible for benefits. The ALJ conducted a hearing on July 10, 2008, and on November 24, 2008, issued a decision denying Plaintiff's claim finding that Plaintiff had not been disabled from her alleged onset date. (Tr. 18, 15). The ALJ determined that, instead of meeting the medical qualifications for her claim, as Defendant had determined, Plaintiff in fact retained the Residual Functional Capacity ("RFC") to perform unskilled light work. (Tr. 22).

Plaintiff exhausted her administrative remedies before filing this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), on September 22, 2009. Plaintiff's Motion for Summary Judgment asserted that the ALJ made a significant factual error that doubled the amount of Plaintiff's daily activities, and that this error formed the basis of the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act. (Doc. No. 16-1). Defendant's Motion for Summary Judgment counters that the ALJ's determination is supported by substantial evidence and that, despite Plaintiff's claim that she was only working for limited amounts of time, she failed to establish that she was entitled to a trial work period. (Doc. No. 20). Defendant argues the ALJ's determination that Plaintiff was not disabled is appropriate.

The Magistrate Judge concluded that the parties agreed on a number of issues in their cross Motions for Summary Judgment, including the amount of time per day Plaintiff was working during her "trial" period (i.e., the period after the alleged onset date in which Plaintiff worked at her church's daycare program), that the work Plaintiff did during her trial period did not otherwise preclude her from receiving benefits, and that had the ALJ determined that Plaintiff was not able to perform her past relevant work, she would have been found to be disabled. (M&R at 3-4). The remaining issue, the Magistrate Judge concluded, was whether there was other evidence in the

2

record sufficient to support the ALJ's conclusion that Plaintiff retained the RFC to perform her past relevant work, and therefore was not disabled. (M&R at 5). The Magistrate Judge found that the ALJ made a fatal factual error by doubling the amount of time Plaintiff spent each day devoted to gainful activity, and thus the ALJ's RFC determination is not supported by substantial evidence. (M&R at 7). The Magistrate Judge concluded that it was not the Court's role to speculate as to the sufficiency of other bases in the record for denying Plaintiff's disability claim, as a significant justification for the ALJ's RFC determination was proven erroneous. (Id.) Accordingly, the Magistrate Judge recommended that the matter be remanded so that the ALJ could more fully address Plaintiff's RFC. (Id.) The Magistrate Judge did not reach the question of whether Plaintiff was entitled to a "trial" work period.

Defendant principally objects to the Magistrate Judge's characterization of the ALJ's RFC assessment. Specifically, Defendant argues that the ALJ considered a number of facts in concluding that Plaintiff retained the RFC to perform her past relevant work, including, *inter alia*, that the record indicated Plaintiff had perfect immediate recall, intact concentration, only mildly depressed mood, and was able to follow two-step instructions. (Doc. No. 22 at 2-3). These factors, combined with the uncontested fact that Plaintiff was indeed working at a daycare facility for several hours per day supports the ALJ's RFC assessment. (Id. at 3). The remainder, and majority, of Defendant's objection is devoted to clarifying certain "factual inaccuracies and/or misunderstandings" allegedly contained in the M&R. (Id. at 4).

## II. STANDARD OF REVIEW

In addressing objections to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections must specifically identify those

findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987), overruled on other grounds by Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Jones v. Hamidullah, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]."). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." § 405(g). It is this Court's duty to determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing Perales, 402 U.S. at 401). The Fourth Circuit has recognized "[i]n reviewing for substantial

evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Hays, 907 F.2d at 1456). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. Discussion

Defendant's only objection that is specific to the Magistrate Judge's M&R recommendation is Defendant's assertion that the ALJ's RFC assessment is supported by additional evidence aside from the erroneous calculation of Plaintiff's daily gainful activities.[1] Specifically, Defendant argues that the ALJ's erroneous factual finding regarding Plaintiff's daily activities do not require remand. Even ignoring the ALJ's erroneous finding, Defendant argues that Plaintiff's "perfect immediate recall," "intact concentration," and "only a mildly depressed mood" in addition to Plaintiff's ability to "get along well with coworkers and supervisors," "fair energy," enjoyment derived from "being around children," and the fact that Plaintiff did, in fact, work for a number of hours at a daycare, all supported an RFC assessment of low-stress, non-production work with no sustained skilled activity. (Doc. No. 22 at 2-3).

The ALJ found that, at the time of the hearing, that Plaintiff was "currently performing part-time work as a daycare worker, three hours per day, four to five days per week and began

---

[1] It is unclear, and Defendant does not specify, what effect, if any, the alleged "inaccuracies" contained in the M&R had on the Magistrate Judge's conclusion that Plaintiff's RFC determination was not supported by substantial evidence. Defendant's clarification of these inaccuracies addresses, in most cases, the Magistrate Judge's summary of the procedural and factual history of this case (Doc. No. 22 at 4-5), and the Court has addressed those concerns herein. Supra, at 1-3. To the extent Defendant takes issue with the Magistrate Judge's characterization of the scope of agreement between the parties in their cross summary judgment motions, the Court will not address these general objections as, by Defendant's admission, they do not concern a "salient issue before the Court." (Id. at 6).

performing this work in May 2005. She also attends school three [] to three and a half hours per day, drives, attends church and grocery shops." (Tr. 22). Defendant concedes there is no evidence to support the ALJ's finding that Plaintiff was attending school during the relevant period. (Doc. No. 20 at 5 (citing Tr. 478-480)).

Defendant's objection misapprehends this Court's role in reviewing the decision of the ALJ. The ALJ gave significant weight to Plaintiff's daily activities in making his assessment. The ALJ specifically found that "Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; *however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity* [based on Plaintiff's daily activities]." (Tr. 22) (emphasis added). Furthermore, the ALJ discounted medical opinion evidence because it was not consistent "with the claimant's extensive daily activities that include working with numerous children and performing school work." (Tr. 24).

While the ALJ's RFC assessment may be supported by other evidence contained in the record (Tr. 22-24), it is beyond the scope of this Court's province to "determine the weight of the evidence." Hays, 907 F.2d at 1456. It is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Id.; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion"); Craig, 76 F.3d at 589 ("The issue before us . . . is not whether [the plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a

correct application of the relevant law"). The fact remains that the ALJ made a factual finding wholly unsupported by the evidence contained in the record, which affected his RFC assessment and his conclusion that Plaintiff was capable of performing her past relevant work (Tr. 24), and ultimately his conclusion that Plaintiff was not disabled at the fourth step of the sequential evaluation process. (Id.); see 20 C.F.R. § 404.1520; Johnson v. Barnhart, 434 F.3d 650, 654 n. 1 (4th Cir. 2005). As the Magistrate Judge correctly concluded, it is inappropriate for this Court to speculate as to how the ALJ would have weighed the evidence in the absence of his error and what conclusion he would have reached had he not effectively doubled Plaintiff's daily substantial gainful activity.

Having found that the ALJ erred in his factual findings as to a significant stated reason for his determination that Plaintiff retained the RFC to perform past relevant work, the Court concludes that the ALJ's finding that Plaintiff is not disabled is not supported by substantial evidence.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's objection is OVERRULED. The Court hereby ADOPTS the Memorandum and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 16) is GRANTED; Defendant's Motion for Summary Judgment (Doc. No. 19) is DENIED. The decision of the Commissioner is REVERSED and the case is REMANDED for a new hearing pursuant to 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Signed: March 29, 2011

Frank D. Whitney
United States District Judge